Withehs, J.
delivered the opinion of the Court.
The doctrine insisted upon here for the defendant is, that the act or language of Walker at Edgefield made Simmons the agent of plaintiffs, and stripped him of that relation towards the defendant.
If this be true, the effect of what Walker said and did, would be tantamount to a receipt of the money from Simmons, and constituting him expressly the plaintiffs’s agent to carry it to Hamburg. The fact, however, is, that Walker refused to receive the money, for reasons assigned, and it is agreed that he was not bound to receive it at Edgefield. Our construction of his interference must, therefore, give it an effect short of an actual receipt of the money. What was it in fact? No more than so varying the instructions.of the defendant to his agent, as to warrant the latter in making a delivery of the package to the Post Master at Hamburg equivalent to a delivery to Walker & Bradford. This was not substituting a new agency and new instructions for those proceeding from the defendant; but facilitating them rather, by pointing out an alternative mode by which Simmons should be able to discharge his undertaking for Dr. Critten-den. If Simmons had, in fact, delivered the letter to the Post Master, it would have been equivalent to a delivery according to Crittenden’s instructions. This was the very view submitted to the jury.
Imagine Simmons out of view; and allow the defendant *231 himself to occupy the place of his agent. Would the failure of the defendant, in such case, to deliver the letter to the t Post Master work any other result than to leave him still liable for the debt? We apprehend the case before us to be substantially that just supposed.
Seeing no error, therefore, in the legal views of the Circuit Court, and the jury having found the facts against the defendant, there is no room for the interposition of this Court; and the motion is consequently dismissed.
O’Neall, J. — Evans, J. — and Waudlaw, J. — concurred.

Motion refused.